1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CESAR AGUIRRE,

    Petitioner,

v.

ALAMEDA SUPERIOR COURT, et al.,

    Respondents.

Case No. 16-cv-06933-RS

**ORDER GRANTING MOTION TO LIFT STAY OF PROCEEDINGS AND MOTION TO STAY EXECUTION OF SENTENCE**

Petitioner Cesar Aguirre's motion to lift the stay of these proceedings and his motion to stay execution of his sentence were heard on May 25, 2017. Both motions will be granted.

1. Motion to lift stay on case proceedings

This habeas matter was stayed at Aguirre's request to permit him to exhaust his state remedies. He has now done so. His unopposed motion to lift the stay is granted. The Clerk is directed to reopen the file.

2. Motion to stay execution of sentence

Aguirre was arrested at an Occupy Oakland demonstration in 2011. In August of 2012, he was convicted of felony vandalism. The superior court imposed five years' probation, with six months jail time. Bail was granted on appeal, and Aguirre was released from jail after serving almost one month of his sentence. Further stays of the sentence were granted as Aguirre pursued

state *habeas* remedies. He had some success, obtaining certain remands, including one for an evidentiary hearing. Ultimately, however, he exhausted his state *habeas* options without having his conviction or sentence set aside. The superior court has now scheduled execution of Aguirre's sentence to begin again on June 2, 2017. With credits, he has only approximately two months left to serve.

The parties disagree on the precise articulation of the standards applicable to this motion, but they agree that it seeks discretionary relief, and that relevant considerations include the strength of Aguirre's showing as to the merits of his *habeas* claims, and a balancing of the equities. There is also no dispute that absent a stay being granted, Aguirre will inevitably serve the balance of his jail term before his claims are adjudicated.[1]

Upon due consideration of all of the circumstances present in this unusual case, Aguirre has made an adequate showing that a stay of his sentence should be granted, pending a decision on the merits. The motion is therefore granted.

**IT IS SO ORDERED**.

Dated: May 26, 2017

_____
RICHARD SEEBORG
United States District Judge

---

[1] In a footnote of their brief, respondents suggest it is "unclear" whether Aguirre could be required to complete his sentence were a stay granted now, but *habeas* relief ultimately denied. At the hearing, respondents indicated they were still unsure on this point. Obviously, if the state can still execute the sentence upon a denial of the petition even following a stay, it has far less basis to claim a stay will be prejudicial. Although Aguirre bears the burden of showing a stay is warranted, respondents' failure to offer more than a speculative footnote as to the potential prejudice substantially undermines the opposition.