UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CESAR AGUIRRE,

    Plaintiff,

v.

ALAMEDA SUPERIOR COURT, et al.,

    Defendants.

Case No. 16-cv-06933-RS

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state conviction. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Respondent shall file a response to the petition on or before August 17, 2018, unless an extension is granted.

## BACKGROUND

Aguirre was arrested at an Occupy Oakland demonstration in 2011. In August of 2012, he was convicted of felony vandalism. The superior court imposed five years' probation, with six months jail time. Bail was granted on appeal, and Aguirre was released from jail after serving almost one month of his sentence. Further stays of the sentence were granted as Aguirre pursued

state *habeas* remedies. He had some success, obtaining certain remands, including one for an evidentiary hearing. Ultimately, however, he exhausted his state *habeas* options without having his conviction or sentence set aside. Aguirre then obtained from this Court an order staying the execution of the remainder of his sentence.

In response to an order inquiring as to whether issues remain to be adjudicated, petitioner has stated the grounds upon which he contends *habeas* relief remains appropriate.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) the prosecution committed misconduct in the three instances set out in the petition; (2) defense counsel rendered ineffective assistance; (3) the trial court committed judicial misconduct; and, (4) there was cumulative error. When liberally construed, these claims are cognizable on federal habeas review.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner on or before August

17, 2018 an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before August 17, 2018, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

**IT IS SO ORDERED.**

Dated: June 11, 2018

_____
RICHARD SEEBORG
United States District Judge